```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:16-00133-06

**MARK COBB**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On September 7, 2023, the United States of America appeared by Jonathan T. Storage, Assistant United States Attorney, and the defendant, Mark Cobb, appeared in person and by his counsel, Glen D. Conway, for a hearing on the Petition seeking revocation of supervised release, submitted by Senior United States Probation Officer Justin L. Gibson. The defendant commenced a sixty (60) month term of supervised release in this action on July 19, 2023, as more fully set forth in the Judgment in a Criminal Case Order entered by the court on February 15, 2017.

The court heard the admissions and objections of the defendant, the evidence adduced by the parties, and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release by committing violations in the following respects:  (1) on August 2 and August 3, 2023, the defendant committed a state or local crime in that the defendant violated conditions of a Domestic Violence Protective Order served upon him and explained to him on August 2, 2023, by thereafter placing three telephone calls from the jail in which he was incarcerated that were received by Andrea Elkins who declined to accept the calls on those three occasions, being two times on August 2, 2023, and once on August 3, 2023; and (2) the defendant admitted his unlawful possession of marijuana on July 30, 2023; all as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously

imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of NINETY (90) days with credit for time served, beginning August 2, 2023, if such time is not to be applied to any other federal or state sentence, to be followed by FIVE AND ONE HALF (5 ½) YEARS of supervised release, upon the same terms and conditions as heretofore with the added condition that the defendant, immediately and without interruption upon his release from imprisonment, go directly to and participate in and successfully complete at least six months and up to twelve months of a residential drug treatment program at Synergy Health Program, which program is directed to transport the defendant from the jail from which he is released directly to the residence of Synergy Health Program where he will reside, or a

3

similar program as directed by the probation officer, including compliance with all of the program's rules and regulations.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 8, 2023

John T. Copenhaver, Jr.
Senior United States District Judge